ORIGINAL

# In the United States Court of Federal Claims

FILED
SEP 13 2016
U.S. COURT OF FEDERAL CLAIMS

No. 15-32V
Filed: August 26, 2016
Re-issued for Publication: September 13, 2016[1]

| | |
|---|---|
| JULIE REILING, Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | Interim Attorney's Fees; Change of Counsel. |

**Julie Reiling**, pro se, Pine City, Minn.

**Ann D. Martin**, Senior Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C., for respondent. With her were **Benjamin Mizer**, Principal Deputy Assistant Attorney General, **C. Salvatore D'Alessio**, Acting Director, Torts Branch, Civil Division, and **Catharine E. Reeves**, Acting Deputy Director, Torts Branch, Civil Division.

## OPINION

HORN, J.

Acting through counsel, on January 12, 2015, Julie Reiling filed a petition for compensation under the National Vaccine Injury Compensation Act of 1986, 42 U.S.C. § 300aa-1 to -34 (2012) ('the Vaccine Act"). On April 21, 2016, while Ms. Reiling's petition was pending before Special Master Christian J. Moran of the United States Court of Federal Claims, Ms. Reiling's attorney, Andrew D. Downing, moved to withdraw as counsel to Ms. Reiling. On April 25, 2016, Mr. Downing filed a motion for an award of interim attorney's fees and costs. Subsequently, Special Master Moran granted Mr. Downing's motion to withdraw as counsel on May 25, 2016. On June 24, 2016, Special Master Moran denied Mr. Downing's motion for an award of interim attorney's fees and costs. Reiling v. Sec'y of Health & Human Servs., No. 15-032V (Fed. Cl. Spec. Mstr. June 24, 2016). Thereafter, on July 25, 2016, Mr. Downing filed a motion for review in this court of Special Master Moran's decision to deny petitioner interim attorney's fees and costs, and this court considers whether Mr. Downing's motion for review was properly filed.

[1] This opinion was issued under seal on August 26, 2016. The parties did not propose redactions to the August 26, 2016 opinion, thus, the court issues the decision without redactions for public distribution.

## FINDINGS OF FACT

Ms. Reiling filed her petition in the United States Court of Federal Claims seeking compensation under the Vaccine Act because she allegedly suffered injuries after receiving the tetanus, diphtheria, acellular pertussis vaccine ("Tdap vaccine") on June 14, 2013. In her petition, Ms. Reiling alleges that she "is horribly allergic to latex," and that the "tip caps" of the syringe used to administer the Tdap vaccine to her "contained natural rubber latex." Ms. Reiling alleges that after receiving the Tdap vaccine she began experiencing flu-like symptoms, congestion, swollen lips, confusion, dry eyes, seizure-like symptoms, scattered thoughts and other ailments. In her petition, Ms. Reiling asserts that a "gastrologist" "stated that it was possible that Ms. Reiling had developed a systemic autoimmune reaction post-vaccination." Although not directly asserted, Ms. Reiling's petition appears to claim that she suffered these alleged injuries after receiving the Tdap vaccine because (1) the vaccine allegedly caused "a systemic autoimmune reaction," and/or (2) a component of the syringe used to administer the vaccine was made of latex and Ms. Reiling is allegedly "horribly allergic to latex." As directed by Special Master Moran, Ms. Reiling submitted medical records to the court between January 14, 2015 and November 25, 2015. According to the medical records submitted to the court by Ms. Reiling, in August 2014, a medical doctor concluded that Ms. Reiling tested negative for a latex allergy.

To support her petition, Ms. Reiling filed an expert report from Dr. Patrick Nemechek on March 29, 2016. In the expert report submitted by petitioner, Dr. Nemechek focused on an alleged incident in which Ms. Reiling "hit her head on a stove" one month prior to receiving the Tdap vaccination. According to the expert report,

> [a]t the time of vaccination, the patient was complaining of a headache and infected skin abrasion that had been ongoing for a month since striking her head against a stove. Four weeks of persistent headaches after a head injury is highly suggestive the patient was suffering from a traumatic brain injury.

Dr. Nemechek concluded in his expert report that "[v]accination of the patient with Tdap while she was recovering from a traumatic brain injury caused an excessive microglia-driven inflammatory reaction worsening her underlying traumatic brain injury, and resulted in the development of neuropsychiatric difficulties as well as a diffuse pain pattern suggestive of fibromyalgia (pain, weakness and fatigue)." The expert report does not discuss Ms. Reiling's alleged allergic reaction to latex or her claim that the vaccine triggered a systemic autoimmune reaction. Moreover, Ms. Reiling's petition does not include any reference to a traumatic brain injury.

On April 21, 2016, less than one month after petitioner filed the expert report, Ms. Reiling's attorney, Andrew D. Downing, filed a motion to withdraw as counsel to Ms. Reiling in the above-captioned case. In the motion, Mr. Downing stated that he "is unable to continue acting as Petitioner's Counsel in this matter and has determined that he has no alternative but to seek. . . withdrawal." Four days later, Mr. Downing filed an application to receive interim attorney's fees and costs in the amount of $25,213.91. In the application

for interim attorney's fees and costs, Mr. Downing noted that his application to withdraw as counsel to Ms. Reiling was pending before Special Master Moran. Respondent responded to Mr. Downing's application for attorney's fees and costs, but Mr. Downing did not file a reply to defendant's response within the 7-day time period prescribed by Vaccine Rule 20(b)(2) of the Rules of the United States Court of Federal Claims (RCFC) Appendix B (2016). After the time for Mr. Downing to file a reply had elapsed, on May 25, 2016, Special Master Moran issued an order granting Mr. Downing's motion to withdraw as counsel. Subsequently, on May 31, 2016, Mr. Downing sought leave of Special Master Moran to file a reply to respondent's response to the application for interim attorney's fees and costs even though the prescribed time period for doing so had expired. Special Master Moran granted Mr. Downing leave to file a reply brief "[a]s a matter of discretion."

Thereafter, Special Master Moran issued his opinion denying Mr. Downing's application for interim attorney's fees and costs on June 24, 2016. Reiling v. Sec'y of Health & Human Servs., No. 15-032V. In his decision, Special Master Moran explained that, under the Vaccine Act, "[p]etitioners who have not yet been awarded compensation may be entitled to an award of attorney's fees and costs when 'the petition was brought in good faith and there was a reasonable basis for the claim.' 42 U.S.C. § 300aa-15(e)(1)." Reiling v. Sec'y of Health & Human Servs., No. 15-032V, at *3. Special Master Moran further explained that it is the responsibility of the petitioner to "establish [a] reasonable basis [for the petition] by submitting evidence" and that the "evidence need not preponderate but the evidence must support the claim set forth in the petition." Reiling v. Sec'y of Health & Human Servs., No. 15-032V, at *3 (citing Chuisano v. Sec'y of Health & Human Servs., 116 Fed. Cl. 276, 289 (2014)). Applying this standard, Special Master Moran reviewed the evidence in the record thus far to determine whether there was a reasonable basis for petitioner's claim.

Special Master Moran reviewed Ms. Reiling's submissions to the court and found that petitioner put forth two theories to support her claim: (1) her alleged latex allergy, and (2) her alleged traumatic brain injury. See Reiling v. Sec'y of Health & Human Servs., No. 15-032V, at *4. Special Master Moran concluded that "[t]he latex allergy theory is not reasonable" because "[t]esting for allergy to latex was negative on August 26, 2014," approximately five months before Ms. Reiling filed her petition for compensation under the Vaccine Act. Id. Further, "[a]lthough some records reflect that Ms. Reiling said she had an allergy to latex, her counsel was on notice that doctors considered her to be a 'very difficult historian.'" Id.

With regard to petitioner's theory that the Tdap vaccine worsened her alleged underlying traumatic brain injury, Special Master Moran concluded that there were questions remaining "about Dr. Nemechek's assertion that Ms. Reiling suffered a traumatic brain injury" to which the record does not contain answers. Reiling v. Sec'y of Health & Human Servs., No. 15-032V, at *4. Thus, based on the evidence presented in the record thus far, Special Master Moran was not able to conclude that petitioner's theory was a reasonable basis for her claim. Id. He explained, "Special masters should not base decisions regarding reasonable basis on hopes about what the evidence may eventually show." Id. In his decision, Special Master Moran discussed the questions undermining petitioner's traumatic brain injury theory, including that "Dr. Nemechek's diagnosis of

traumatic brain injury is not in accord with the assessment of medical personnel who saw Ms. Reiling during the relevant time," and that the accounts of Ms. Reiling's symptoms in the medical records submitted to the court are inconsistent with the description of her symptoms in Dr. Nemechek's expert report. Id. Further, Special Master Moran found that, even if there was a reasonable basis for the opinion that Ms. Reiling had suffered a traumatic brain injury, "Dr. Nemechek's report remains incomplete" because the report does not discuss what the trajectory of Ms. Reiling's traumatic brain injury would have been if she had not received the Tdap vaccination. Reiling v. Sec'y of Health & Human Servs., No. 15-032V, at *5. Special Master Moran explained that, because Dr. Nemechek theorizes that the Tdap vaccination aggravated Ms. Reiling's underlying traumatic brain injury, his expert report should include "some discussion about the expected course of the underlying disease but for the vaccination." Id.

As indicated above, Special Master Moran reviewed the evidence submitted to the court and determined that "Ms. Reiling has not yet established the reasonable basis for her petition." Reiling v. Sec'y of Health & Human Servs., No. 15-032V, at *5. Because the Special Master found that the evidence did not establish a reasonable basis for petitioner's claim, Special Master Moran denied the application for an award of interim attorney's fees and costs. In denying the application for interim attorney's fees and costs, Special Master Moran noted that, in the future, "[a]dditional information may contribute to a finding of reasonable basis and could support a ruling in Ms. Reiling's favor." Id.

Following Special Master Moran's decision denying the application for attorney's fees and costs, Mr. Downing, Ms. Reiling's former counsel, filed a motion for review of the decision to deny the application for attorney's fees and costs in this court on July 25, 2016 pursuant to Vaccine Rule 23. See RCFC App. B, Rule 23. In his motion for review, Mr. Downing argues that "the Decision of Special Master Moran entered on June 24, 2016 is arbitrary and capricious" and that an "Order should be entered remanding the claim back to the Special Master with instructions to find reasonable basis exists." Although Mr. Downing acknowledges that he previously withdrew as counsel to Ms. Reiling regarding her vaccine claim before Special Master Moran, he does not explain how he is in a position to file a motion for review in this court. Additionally, Mr. Downing did not seek leave of this court before filing his motion for review.

Respondent moves to dismiss Mr. Downing's motion for review because Mr. Downing "has no standing to seek review of the Decision" as "he is not a party to the pending action." Respondent explains that Ms. Reiling is currently pro se in the pending Vaccine Act claim before Special Master Moran as Mr. Downing was dismissed as petitioner's counsel on May 25, 2016. Respondent argues that the language of the Vaccine Act "clearly permits only 'parties' to seek review by this Court of a special master decision," and Vaccine Rule 23(b), confirms "that a party 'must file a motion for review with the clerk within 30 days after the date the decision was filed.'" According to respondent, "[n]either the Vaccine Act nor the Vaccine Rules allow for third parties to intervene in vaccine injury compensation proceedings, or to seek the Court's review of special master decisions." According to respondent, because Mr. Downing is not a party to the vaccine claim, he has no standing to file a motion for review in this court and this

court does not have jurisdiction to review Special Master Moran's decision denying petitioner's application for attorney's fees and costs.

In response to respondent's motion to dismiss, citing no binding legal authority, Mr. Downing argues that because Special Master Moran previously granted Mr. Downing's motion for leave to file a reply to respondent's response to the application for interim attorney's fees and costs, even after Mr. Downing had been dismissed as counsel to Ms. Reiling, Mr. Downing continues to have standing to pursue his application for interim attorney's fees and costs. Mr. Downing argues that he is the real party in interest to pursue the attorney's fees and costs; that his standing status before the Special Master has not changed; and that "the Motion for Review is a logical progression" of the requested relief. To support his position, Mr. Downing points to two other cases before the Office of the Special Master in which he was permitted by different Special Masters to pursue his application for attorney's fees and costs after withdrawing as counsel to the petitioners in those cases.

## DISCUSSION

Congress passed the Vaccine Act in 1986 and established a forum in which individuals who were injured by vaccines could bring claims. See generally 42 U.S.C. § 300aa-12 et seq. "[W]ithin the United States Court of Federal Claims an office of special masters" was created. 42 U.S.C. § 300aa-12(c)(1). The Vaccine Act granted the United States Court of Federal Claims and the Court of Federal Claims Special Masters jurisdiction to conduct proceedings under the Vaccine Act. 42 U.S.C. § 300aa-12(a).

When a Special Master is assigned a petition for review, the Vaccine Act directs that the Special Master "shall issue a decision on such petition with respect to whether compensation is to be provided under the Program and the amount of such compensation." 42 U.S.C. § 300aa-12(d)(3)(A). Compensation under the Vaccine Act includes attorney's fees and costs. See Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010). The Vaccine Act permits Special Masters of the Court of Federal Claims to award interim attorney's fees and costs when a claim is brought in good faith and with a reasonable basis. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).[2]

[2] Other Judges of this court have determined that the Vaccine Act is "unambiguous in providing that compensation shall be awarded 'to a petitioner.'" Heston v. Sec'y of Health & Human Servs., 41 Fed. Cl. 41, 43 (1998); see also Newby v. Sec'y of Health & Human Servs., 41 Fed. Cl. 392, 393 (1998) (finding that "compensation, if awarded, should be awarded to the petitioner, not petitioner's counsel"); but see Goodridge v. Sec'y of Health & Human Servs., 2014 WL 3973905, at *3 (Fed. Cl. May 20, 2014) (noting that in recent cases, "special masters have ordered that a fees and costs award be made payable directly to petitioner's counsel, in circumstances in which the counsel could no longer make contact with the petitioners").

The United States Court of Federal Claims was given authority to "review the decision" of the Special Master. 42 U.S.C. § 300aa-12(e)(1). Review by a judge of the United States Court of Federal Claims is conducted in accordance with 42 U.S.C. § 300aa-12(e)(2), which states:

> [T]he United States Court of Federal Claims shall have jurisdiction to undertake a review of the record of the proceedings and may thereafter --
>
> (A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,
>
> (B) set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or
>
> (C) remand the petition to the special master for further action in accordance with the court's direction.

In Shaw v. Secretary of Health & Human Services, 609 F.3d at 1375, the United States Court of Appeals for the Federal Circuit held that, pursuant to 42 U.S.C. § 300aa-12(e), the Court of Federal Claims has jurisdiction to review Special Masters' decisions on petitions for interim attorneys' fees and costs. See Shaw v. Sec'y of Health & Human Servs., 609 F.3d at 1376 ("The Special Master's grant or denial of interim attorneys' fees is a decision on compensation and as such it is reviewable by the Court of Federal Claims under § 12(e).").

The Vaccine Act and the Vaccine Rules of the United States Court of Federal Claims prescribe the process for seeking review of a Special Master's decision. "Upon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Court of Federal Claims a motion to have the court review the decision." 42 U.S.C. § 300aa-12(e). Pursuant to Vaccine Rule 23(a), "[t]o obtain review of the special master's decision, a party must file a motion for review with the clerk within 30 days after the date the decision is filed." RCFC App. B, Rule 23(a) (emphasis added). The language of the Vaccine Act and Vaccine Rule 23(a) vests a party with the ability to seek review of a Special Master's decision. Additionally, the Vaccine Rules contemplate two parties in a vaccine injury action: (1) the petitioner, either proceeding pro se or represented by counsel, and (2) the respondent. See RCFC App. B, Rules 2, 4. The Vaccine Act explains that a petitioner may be "any person who has sustained a vaccine-related injury, the legal representative of such person if such person is a minor or is disabled, or the legal representative of any person who died as the result of the administration of a vaccine set forth in the Vaccine Injury Table." 42 U.S.C. § 300aa-11.

Mr. Downing is not the petitioner in this case, nor is he representing Ms. Reiling, who is a party in this case, because he has voluntarily withdrawn as counsel to Ms. Reiling, and the Special Master has approved Mr. Downing's request to withdraw as counsel. The parties in the above-captioned case are petitioner, Ms. Reiling, who is now

proceeding pro se, and respondent, the Secretary of Health and Human Services. Generally speaking, the Vaccine Rules contemplate that only a petitioner in a case, or, if represented by counsel, the petitioner's attorney, and the respondent can file a motion to review a decision of a Special Master. See RCFC App. B, Rule 23(a). Although Mr. Downing argues that he "has been specifically given standing to pursue the issue that is currently before the Court," Mr. Downing has not been granted such leave by a judge of this court. Indeed, Mr. Downing has not even sought leave of this court to file such a motion for review. Instead, Mr. Downing relies on the decision of Special Master Moran, who granted Mr. Downing leave "to file a reply brief" after Mr. Downing had missed the deadline for filing a reply to respondent's response to petitioner's application for attorney's fees and costs in the Office of the Special Master, and after Special Master Moran granted Mr. Downing's motion to withdraw as counsel to Ms. Reiling. While Mr. Downing interprets Special Master Moran's decision as a grant of "standing to pursue the Motion for Interim Attorney's Fees and Costs," the language of Special Master Moran's decision is much more limited and states: "As a matter of discretion, the undersigned GRANTS Mr. Downing's motion to file a reply brief. Although the better practice is to file the reply brief within the time permitted by the Vaccine Rules, the undersigned will consider the points made in the reply brief." Special Master Moran's decision was discretionary in the case before him and it is not binding on this court. Special Master Moran did not grant Mr. Downing indefinite leave to participate in Ms. Reiling's vaccine claim as a third-party, despite having withdrawn as counsel to the petitioner, Ms. Reiling. The other two cases noted above that Mr. Downing points to, in which he was permitted to pursue an application for attorney's fees and costs following his withdrawal as counsel, were decided by Special Masters and did not involve a motion for review in this court. See Anderson v. Sec'y of Health & Human Servs., No. 14-879V (Fed. Cl. Spec. Mstr. June 28, 2016); Laney v. Sec'y of Health & Human Servs., No. 14-984V (Fed. Cl. Spec. Mstr. May 4, 2016). Mr. Downing's continued maneuvering, including his failure to even seek leave of this court to file his motion for review, is insufficient for him to proceed.[3]

The court also notes that, in this particular case, even if the court were to grant Mr. Downing discretionary leave to file his motion for review of Special Master Moran's decision to deny petitioner's application for interim attorney's fees and costs, Special Master Moran's decision appears to be reasonable and not an abuse of discretion. Ms. Reiling's petition repeatedly asserts that she is "horribly allergic to latex" and implies a nexus between this alleged allergy and the injuries she allegedly suffered after receiving the Tdap vaccine. As noted in Special Master Moran's decision, however, Ms. Reiling tested negative for a latex allergy prior to filing her petition in this court. Thus, it does not appear that there was a reasonable basis for Ms. Reiling's claim founded on her alleged latex allergy at the time she filed the petition. Additionally, the theory that Ms. Reiling

[3] The court also is aware that, in circumstances somewhat similar to this case, in Woods v. Sec'y of Health & Human Servs., No. 10-377V (Fed. Cl. Spec. Mstr. Feb. 17, 2012) a judge of this court exercised discretion to permit an attorney to participate in the review of a Special Master's decision that had denied an application for interim attorney's fees and costs after the attorney sought leave of the court to respond to the respondent's motion for review.

suffered a traumatic brain injury that was aggravated by the Tdap vaccine first appears in Dr. Nemechek's expert report. Thus, it does not appear that this theory was a basis for Ms. Reiling's claim when she filed her petition with this court. To the extent that an alleged traumatic brain injury could be a basis for her claim, Special Master Moran highlighted serious questions and inconsistencies in Dr. Nemechek's expert report that caused him to question the underlying theory. A review of Special Master Moran's decision, and his analysis of the medical records submitted to the court, does not appear to indicate that the Special Master abused his discretion. Moreover, in his decision, Special Master Moran appears to have carefully documented his reasons for denying petitioner's application for attorney's fees and costs.

## CONCLUSION

Mr. Downing has not followed the proper procedure to file a motion for review in this court. Accordingly, respondent's motion to dismiss is **GRANTED**, and Mr. Downing's motion for review is **DISMISSED**.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**