REISSUED FOR PUBLICATION
NOV 28 2016
OSM
U.S. COURT OF FEDERAL CLAIMS

ORIGINAL

FILED
OCT 3 1 2016
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
JULIE REILING,                         *
                                       *    No. 15-032V
              Petitioners,             *    Special Master Christian J. Moran
                                       *
v.                                     *    Filed: October 31, 2016
                                       *
SECRETARY OF HEALTH                    *    Decision dismissing case; order to
AND HUMAN SERVICES,                    *    show cause.
                                       *
              Respondent.              *
* * * * * * * * * * * * * * * * * * * *
```

Julie Reiling, Pine City, MN, pro se;
Lisa A. Watts, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Julie Reiling filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., on January 12, 2015. Ms. Reiling alleged that she received a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on June 14, 2013, and that the "tip caps of the prefilled syringe of the [Tdap vaccine] contained natural rubber latex." Ms. Reiling further alleged that due to her being "horribly allergic to latex," and as a result of receiving the vaccine, she suffered a variety of symptoms and conditions including headache, lightheadedness, a sore arm, itchy eyes, nausea, tiredness, confusion, flu-like symptoms, congestion, rapid heartbeat, swollen lips, a stiff neck, and vomiting, which "eventually spawned into a syndrome of dry eyes, dry mouth, dry sinuses, muscle weakness, ear pain, seizure-like symptoms, scattered thoughts, and abdominal pain." Pet. at 2. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

I. **Procedural History**

A detailed procedural history of this case can be found in the order to show cause, filed August 16, 2016. In that order, Ms. Reiling was instructed to show cause as to why this case should not be dismissed by October 17, 2016. To date, Ms. Reiling has not responded.

II. **Analysis**

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Additionally, to receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Ms. Reiling suffered a "Table Injury." Thus, Ms. Reiling is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support. Though a medical opinion has been offered, it is not persuasive.

Ms. Reiling filed an expert report from Dr. Patrick Nemechek on March 29, 2016. The report stated that the administration of Ms. Reiling's Tdap vaccination while she was recovering from a traumatic brain injury caused an exaggerated central nervous system immunological response which, in turn, caused her

2

underlying brain injury to worsen. This theory was in discord with the theory suggested in the petition and was not further developed.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate that she suffered injury from the Tdap vaccination due to a latex allergy or that the Tdap vaccination "significantly aggravated" a latex allergy.

**Thus, this case is dismissed for failure to prosecute and for insufficient proof. The Clerk shall enter judgment accordingly.**

IT IS SO ORDERED.

_Christian J. Moran_
Christian J. Moran
Special Master